IN THE MATTER OF SYLVESTER WILSON

Docket No. 51356. Submitted September 14, 1981, at Detroit.—Decided February 3, 1982.

The Wayne County Prosecutor filed a petition in Wayne Probate Court, Juvenile Division, alleging that Sylvester·Wilson, age 16, had committed acts the nature of which constituted the felonies of assault with intent to murder and possession of a firearm during the commission of a felony and moved for waiver of the probate court's jurisdiction. At the "phase 1" hearing, James E. Lacy, J., found probable cause to believe that Wilson had committed the acts charged in the petition and motion. At the "phase 2" hearing the prosecutor called a psychologist as his first witness. Following the testimony of that witness, Judge Lacy, over the objection of the prosecutor, refused to hear the prosecutor's additional witnesses, dismissed the prosecutor's motion requesting waiver of jurisdiction, and accepted Wilson's plea in confession to felonious assault. The prosecutor appealed to Wayne Circuit Court. Susan D. Borman, J., affirmed the determination of the probate court. The prosecutor appeals on leave granted. *Held:*

1. The probate court at a hearing to determine whether jurisdiction over a juvenile should be waived to a criminal court has the duty to conduct a full investigation to determine whether the interests of the child and public would best be served by the waiver. The probate court's dismissal of the prosecutor's motion for waiver without hearing all of the prosecutor's witnesses and without making a substantive ruling upon the waiver issue requires a remand to the probate court for a full investigation and determination of the waiver issue. At that waiver hearing, the prosecutor shall be entitled to present any relevant evidence bearing on the waiver issue.

2. The probate court may not accept from a juvenile a plea in

REFERENCES FOR POINTS IN HEADNOTES

[1-5, 7] 20 Am Jur 2d, Courts §§ 95, 104.
21 Am Jur 2d, Criminal Law § 339.
47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 19.
[5] 21 Am Jur 2d, Criminal Law § 488.
[6, 8] 21 Am Jur 2d, Criminal Law §§ 269, 271.

confession to an included offense of the offense charged in the prosecutor's petition and motion without the concurrence of the prosecutor.

3. Under the circumstances herein, neither constitutional double jeopardy protections nor public policy considerations preclude, following remand, an eventual adjudication of guilt of the offenses charged in the petition.

Reversed and remanded.

V. J. BRENNAN, J., dissented. He would hold that, since the scope of the waiver hearing is addressed to the discretion of the probate court and no abuse of discretion has been shown, the probate court properly denied the motion to waive jurisdiction. He would further hold that a probate court may accept a plea in confession to a lesser included offense to that charged in the petition without first securing the concurrence of the prosecutor. He would affirm.

OPINION OF THE COURT

1. INFANTS — PROBATE COURT — JURISDICTION — WAIVER OF JURIS-
DICTION — PLEA IN CONFESSION.

The question of whether a probate court should waive juris-
diction over a juvenile to a criminal court must be resolved by
the probate court without regard to the child's stated desire to
enter in probate court a valid plea in confession to the offense
charged in the petition or some included offense of such
charged offense.

2. INFANTS — PROBATE COURT — JURISDICTION — WAIVER OF JURIS-
DICTION.

A probate court in granting waiver of jurisdiction over a juvenile
to a criminal court must provide a written statement setting
forth the findings which form the basis of the waiver (MCL
712A.4[7]; MSA 28.3178[598.7][7], JCR 1969, 11.6).

3. INFANTS — PROBATE COURT — JURISDICTION — WAIVER OF JURIS-
DICTION.

A probate court in considering a petition to waive to a criminal
court jurisdiction over a juvenile must conduct a full investiga-
tion and hear all relevant and available evidence bearing on
the criteria set forth by statute and court rule for determining
whether the interests of the child and the public would best be
served by granting the waiver of jurisdiction to the criminal
court (MCL 712A.4[7]; MSA 28.3178[598.7][7], JCR 1969, 11.6).

4. INFANTS — PROBATE COURT — JURISDICTION — WAIVER OF JURISDICTION.

It is error for a probate court to dismiss a petition seeking waiver to a criminal court of jurisdiction over a juvenile without hearing all relevant evidence on the waiver issue and making a substantive ruling on the waiver issue and then to proceed immediately to an adjudicative hearing at which the child's plea in confession is accepted.

5. INFANTS — PROBATE COURT — JUVENILE PROCEEDINGS — PLEA IN CONFESSION — INCLUDED OFFENSES.

A probate court may not accept from a juvenile charged with an act constituting a felony a plea in confession to a lesser included offense to the prosecution's charged offense without first securing the prosecution's concurrence to such a plea in confession to the included offense.

6. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — JUVENILE PROCEEDINGS — PLEA IN CONFESSION.

Neither constitutional double jeopardy protections nor public policy considerations preclude the subsequent adjudication of a juvenile on the charges set forth in the prosecutor's petition for waiver of jurisdiction where a probate court improperly terminated the waiver of jurisdiction proceedings and accepted, without the concurrence of the prosecution, the child's plea in confession to an included offense of the offense charged in the waiver petition (US Const, Am V; Const 1963, art 1, § 15).

DISSENT BY V. J. BRENNAN, J.

7. INFANTS — PROBATE COURT — JURISDICTION — WAIVER OF JURISDICTION.

*The decision of whether to waive jurisdiction over a juvenile to a criminal court is addressed to the discretion of the probate court; absent a showing of an abuse of discretion, a decision by the probate court to terminate a waiver hearing and deny waiver of jurisdiction should be affirmed on appeal.*

8. INFANTS — PROBATE COURT — JUVENILE PROCEEDINGS — PLEA IN CONFESSION — INCLUDED OFFENSES.

*The public policies restricting the right of a criminal court to accept a plea of guilty to a lesser included offense without the concurrence of the prosecution are not applicable to the acceptance of the plea in confession of a juvenile by a probate court; a probate court has the discretion to accept from a juvenile a plea in confession to a lesser included offense to the offense*

*charged in the petition without first securing the concurrence of the prosecution.*

*William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for petitioner.

*Stone, Richardson & Allen, P.C.,* for respondent.

Before: BASHARA, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

PER CURIAM. On March 20, 1979, the Wayne County Prosecutor filed a petition in the Wayne County Probate Court, Juvenile Division (hereinafter, juvenile court), alleging that Sylvester Wilson committed acts, the nature of which constituted the felonies of assault with intent to commit murder, MCL 750.83; MSA 28.278, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Jurisdiction of the juvenile court was alleged to exist pursuant to MCL 712A.2(a)(1); MSA 27.3178(598.2)(a)(1).[1] At the time the petition was filed, Wilson was 16 years of age.

The prosecutor then filed a motion requesting waiver of juvenile court jurisdiction pursuant to MCL 712A.4; MSA 27.3178(598.4).[2] Following a

___

[1] MCL 712A.2(a)(1); MSA 27.3178(598.2)(a)(1), provides:

"Except as provided herein, the juvenile division of the probate court shall have:

"(a) Exclusive original jurisdiction superior to and regardless of the jurisdiction of any other court in proceedings concerning any child under 17 years of age found within the county

"(1) Who has violated any municipal ordinance or law of the state or of the United States."

[2] MCL 712A.4; MSA 27.3178(598.4) provides in relevant part:

"(1) Where a child who has attained the age of 15 years is accused of any act the nature of which constitutes a felony, the judge of probate of the county wherein the offense is alleged to have been committed may waive jurisdiction pursuant to this section upon

"probable cause" or "phase 1" hearing held April 12, 1979, the court found probable cause to believe that Wilson committed the acts charged in the petition and motion. See MCL 712A.4(3); MSA 27.3178(598.4)(3), and JCR 1969, 11.1(A).[3]

motion of the prosecuting attorney, whereupon it shall be lawful to try such child in the court having general criminal jurisdiction of such offense.

"(2) Before conducting a hearing on the motion to waive jurisdiction, the court shall give notice of the hearing in the manner provided by supreme court rule to the child and the prosecuting attorney and, if addresses are known, to the child's parents or guardians. The notice shall state clearly that a waiver of jurisdiction to a criminal court has been requested and that, if granted, the child can be prosecuted for the alleged offense as though he were an adult.

"(3) Before the court waives jurisdiction, it shall determine if there is probable cause to believe that the child committed an offense which if committed by an adult would be a felony.

"(4) Upon a showing of probable cause, the court shall conduct a hearing to determine whether or not the interests of the child and the public would be served best by granting a waiver of jurisdiction to the criminal court. In making the determination, the court shall consider the following criteria:

"(a) The prior record and character of the child, his physical and mental maturity and his pattern of living.

"(b) The seriousness of the offense.

"(c) Whether the offense, even if less serious, is part of a repetitive pattern of offenses which would lead to a determination that the child may be beyond rehabilitation under existing juvenile programs and statutory procedures.

"(d) The relative suitability of programs and facilities available to the juvenile and criminal courts for the child.

"(e) Whether it is in the best interests of the public welfare and the protection of the public security that the child stand trial as an adult offender.

*  *  *

"(7) If the court waives jurisdiction, the order shall include a written statement of the court setting forth findings forming the basis for entry of the order."

[3] JCR 1969, 11.1(A), provides:

"When a petition is filed requesting a waiver of jurisdiction under MCLA 712A.4; MSA 27.3178(598.4), the hearing consists of 2 phases. The interval between them, if any, is within the court's discretion.

"(A) Phase 1: Showing of Probable Cause. The court shall first determine if a crime has been committed which, if committed by an adult, would be a felony and if there is probable cause to believe that the child committed the crime. The determination must be based on legally admissible evidence."

On May 16, 1979, a "phase 2" hearing was held pursuant to MCL 712A.4(4); MSA 27.3178(598.4)(4), and JCR 1969, 11.1(B), to determine whether the interests of the child and the public would best be served by granting the waiver of jurisdiction. The prosecutor presented his first witness, a psychologist who testified as to his psychological evaluation of Wilson and his conclusion regarding the waiver issue. At the conclusion of this testimony, a short off-the-record discussion was held between the court and counsel. Over the prosecutor's objection, the court terminated the phase 2 hearing, "dismissed" the prosecutor's motion requesting waiver and accepted Wilson's plea in confession to the offense of felonious assault, MCL 750.82; MSA 28.277. A final order was entered May 18, 1979.

Pursuant to MCL 600.863; MSA 27A.863, the prosecutor appealed to the Wayne County Circuit Court, which affirmed the order of the juvenile court. The prosecutor brings this appeal by leave granted February 18, 1981.

The prosecutor contends that the juvenile court erred in terminating the phase 2 hearing without allowing testimony from additional available witnesses regarding the waiver issue, and in allowing Wilson to enter a plea in confession to the included offense of felonious assault, without the prosecutor's concurrence.

JCR 1969, 11.1(B) provides in part:

"Phase 2: Criteria for Waiver. On a showing of probable cause, the court shall conduct a full investigation to determine whether the interests of the child and the public would best be served by granting a waiver of jurisdiction to a court of criminal jurisdiction.

"In making the determination, the following criteria must be considered and the court shall make findings on them before a waiver may be granted:

"(1) the prior record and character of the child, his physical and mental maturity, and his pattern of living;

"(2) the seriousness of the offense;

"(3) even though less serious, if the offense is part of a repetitive pattern of offenses which would lead to a determination that the child may be beyond rehabilitation under the regular statutory juvenile procedures;

"(4) the relative suitability of programs and facilities available to the juvenile and criminal courts for the child;

"(5) whether the best interests of the public welfare and the protection of the public security, generally, require that the juvenile stand trial as an adult offender."

The court rule parallels MCL 712A.4; MSA 27.3178(598.4).

If, after a full investigation, the court declines to waive jurisdiction, the matter proceeds to an adjudicative hearing, at which it is determined whether the child comes within the court's jurisdiction as alleged in the petition. JCR 1969, 8.1(A). Unless the child enters a valid plea in confession, the prosecutor has the burden of proving beyond a reasonable doubt the allegations in the petition.[4]

The above-cited provisions make clear that the waiver issue is separate from the adjudicative phase, and must be resolved by the court without regard to the child's stated desire to enter a valid plea in confession to the offense charged in the petition or to some included offense. If waiver of jurisdiction is granted, the court must provide a

[4] See JCR 1969, 8.3(A), which provides:

"Absent a valid plea in confession, only competent, relevant, and material evidence is admissible at the adjudicative phase. In a case involving an offense by a child, the rules of evidence for a criminal proceeding and the standard of proof beyond a reasonable doubt apply. In a case involving an offense against a child, the rules of evidence for a civil proceeding and the standard of proof by a preponderance of the evidence apply."

written statement setting forth findings which form the basis for the waiver. MCL 712A.4(7); MSA 28.3178(598.4)(7), JCR 1969, 11.6. No statement of findings is required where waiver is denied. Nonetheless, the court is bound to conduct a full investigation and to hear all relevant and available evidence bearing on the criteria set forth in the court rule and statute. See *People v Schumacher,* 75 Mich App 505; 256 NW2d 39 (1977).

In the present case, the court made no substantive ruling on the waiver issue, but rather, "dismissed" the motion requesting waiver, terminated the phase 2 proceedings and accepted Wilson's plea in confession. The cause is therefore remanded for a full investigation and determination of the waiver issue. The prosecutor shall be entitled to present any relevant evidence he may have bearing on the criteria set forth in the court rule and statute.

On remand, the juvenile court may decide that waiver of jurisdiction is not in the best interests of the child and the public. It is therefore necessary for us to decide whether, at the adjudicative phase, the court may accept, over the prosecutor's objections, a valid plea in confession to a lesser included offense to the offense charged in the petition.

In *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672; 194 NW2d 693 (1972) (hereafter *Genesee Prosecutor I),* the Supreme Court held that a trial judge does not have authority, over the objection of the prosecutor, to accept a plea of guilty to an offense not charged in the information. In *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115; 215 NW2d 145 (1974) (hereafter *Genesee Prosecutor II),* the Court held that a trial judge may not, over the prosecutor's objec-

tion, accept a plea of guilty to one count of a multi-count information or a plea of guilty to a lesser included offense to the offense charged in the information. We must now decide whether the principle prohibiting a trial court from accepting, over the prosecutor's objection, a plea to a lesser included offense, applies to juvenile court proceedings.

The *Genesee Prosecutor* decisions were based primarily on the separation of powers doctrine. The Court in *Genesee Prosecutor II, supra,* 121, noted that, while a circuit judge has the power of judicial review over certain decisions of the examining magistrate and the prosecutor, he does not possess supervisory power over the prosecutor. The Court stated:

"A circuit judge does not enjoy supervisory power over a prosecuting attorney. He may reverse a magistrate's decision only for abuse of discretion. He may not properly substitute his judgment for that of the magistrate or prosecuting attorney as if he were reviewing the magistrate's decision *de novo* or acting in a supervisory capacity with respect to the prosecuting attorney. He may reverse or revise their decisions only if it appears on the record that they have abused the power confided to them." (Footnotes omitted.)

We believe this holding is applicable to the present case. Juvenile delinquency proceedings are not criminal or adversary in nature. MCL 712A.1; MSA 27.3178(598.1), JCR 1969, 1.3. Nonetheless, the procedures for invoking juvenile court jurisdiction in cases where a child is alleged to have committed a criminal act are closely analogous to the adversary criminal process. It is the prosecutor who generally initiates the formal proceeding by filing a petition. See JCR 1969, 4.1, MCL 764.27; MSA 28.886. Proper notice to the affected parties

is required. MCL 712A.12; MSA 27.3178(598.12), JCR 1969, 7.2. In cases where the child is taken into custody and not released to his parents or guardian, there must be a preliminary hearing within 48 hours. JCR 1969, 4.2. At the preliminary hearing, the court must, *inter alia,* read to the child the allegations in the complaint or petition and explain the nature of the proceeding. JCR 1969, 4.2(B)(3)-(5). Functionally speaking, the procedure at the preliminary hearing corresponds closely to the initial arraignment in the instance of an adult offender.

Where a request for waiver of juvenile court jurisdiction is filed, the court must conduct a hearing to determine whether there is probable cause to believe that the child committed the acts charged in the petition. MCL 712A.4(3); MSA 27.3178(598.4)(3), JCR 1969, 11.1(A). If the waiver request is denied, the matter proceeds to the adjudicative phase, at which the child has a right to a jury trial. JCR 1969, 8.1(A). The rules of evidence for a criminal proceeding and the standard of proof beyond a reasonable doubt apply. JCR 1969, 8.3(A). With the exception of the right to a public trial, the usual protections accorded adults in criminal prosecutions govern delinquency proceedings.

After a careful review of the statutes and court rules, we are convinced that, for purposes of deciding the issue at bar, the respective roles of the prosecutor and the court are functionally equivalent to adult criminal prosecutions. The juvenile court does not possess supervisory power over the prosecutor. Accordingly, we hold that the juvenile court may not, without the prosecutor's concurrence, accept a plea in confession to a lesser included offense to the offense charged in the peti-

tion. The people, represented by the prosecutor, are entitled to a determination of juvenile court jurisdiction based on the acts charged in the petition.

Finally, we note that neither the double jeopardy clause[5] nor the policy considerations present in *People v McMiller,* 389 Mich 425; 208 NW2d 451 (1973), would preclude an eventual adjudication of guilt of the offenses charged in the petition. See *Genesee Prosecutor II, supra,* 122-123.

Remanded for proceedings consistent with this opinion. We retain no further jurisdiction.

V. J. BRENNAN, J. *(dissenting).* I respectfully dissent.

The prosecution contends that the juvenile court did not conduct a "full investigation" because it did not permit the prosecution to present its additional witnesses. In my opinion the juvenile court conducted a full investigation in compliance with JCR 1969, 11.1(B) (as set forth in the majority's opinion).

The juvenile court heard the crucial testimony of the people's first witness, a psychologist. At that point, the court determined that it would not waive jurisdiction of the defendant. The prosecution objected because it had additional witnesses to present. Apparently the court believed that the testimony of the additional witnesses would not affect its decision to deny the waiver.

The decision of whether to waive juvenile court jurisdiction is discretionary. When a waiver is granted, JCR 1969, 11.1(B) requires not only a full investigation but also detailed findings in the designated criteria set forth in the court rule. *People v Allen,* 90 Mich App 128; 282 NW2d 255 (1979),

---

[5] US Const, Am V; Const 1963, art 1, § 15.

*People v Schumacher,* 75 Mich App 505; 256 NW2d 39 (1977). However, these findings are not required when a waiver is denied. Therefore, it is my opinion that when a waiver is denied, our review is limited to determining whether the juvenile court conducted a full investigation. It is also my opinion that, in the exercise of its discretion, the juvenile court can terminate a hearing on a motion to waive jurisdiction over the juvenile. If the court terminates the hearing before the prosecution has presented all of its witnesses, this does not mean that the court did not conduct a "full investigation" as required by the court rule. A full investigation should not be construed to mean that the juvenile court is bound to hear every witness the prosecution intends to present. Where, as here, the court determines that waiver is not appropriate, nothing would be gained by requiring the juvenile court to permit the prosecution to present witnesses whose testimony would be extraneous or cumulative. It is not the volume of testimony that is important. Rather, it is important that the court conduct a full investigation and consider the five enumerated factors in the court rule. If after one witness the court determines that waiver is not appropriate, its decision should not be overturned absent a clear abuse of discretion.

I do not find a clear abuse of discretion in this case because the record discloses that the court reviewed the factors set forth in JCR 1969, 11.1(B) in deciding to deny the waiver and conducted a full investigation. It is not apparent that the testimony proffered by the prosecutor would have had any impact whatsoever on the court's decision. Therefore, I find no reason to remand this case.

Furthermore, I disagree with the majority's finding that "the juvenile court may not, without the

prosecutor's concurrence, accept a plea in confession to a lesser included offense to the offense charged in the petititon". The *Genesee Prosecutor* decisions, relied upon by the majority, pertained to adversary criminal proceedings in "adult court" and, as such, are not applicable to juvenile proceedings. In juvenile court there is more leeway and discretion vested in the court in dispositions of this nature. Proceedings in the juvenile court cannot be compared to proceedings in "adult court", and decisions pertaining to adversary criminal proceedings should not be adhereed to.

I would caution appellate courts in their rush to monitor each and every procedure of the juvenile disposition. In that attempt, the courts could hinder the atmosphere of, and the theory behind, the juvenile court system which is necessary to the resolution of adolescent problems. The juvenile court's plea acceptance in the instant case solved the problem on hand. The court's decision to accept the plea should not be overridden or thwarted by an overzealous prosecutor.

I find that the juvenile court conducted a full investigation on the waiver issue and I would affirm the court's acceptance of the plea.