*In re* LEE
*In re* IVOS

Docket Nos. 282848 and 283562. Submitted August 5, 2008, at Lansing. Decided January 15, 2009, at 9:00 a.m.

The Kent County Prosecuting Attorney filed a petition in the Kent Circuit Court, Family Division, alleging that Chelsey L. Lee, a minor, had committed the offense of malicious destruction of personal property valued at $1,000 or more but less than $20,000. MCL 750.377a(1)(b)(*i*). A court probation officer provided the parties with notice that the court would consider diverting the case to the consent calendar. The prosecutor filed an objection to diverting the case from the adjudicative process. A family court referee authorized the filing of the petition. A pretrial conference was held. The minor filed a notice with the court indicating that she intended to plead guilty, pursuant to a plea bargain, to a lesser offense of malicious destruction of personal property valued at $200 or more but less than $1,000. MCL 750.377a(1)(c)(*i*). The court, Daniel V. Zemaitis, J., notified the parties that a delinquency adjudication/disposition hearing would be held, but gave no indication that the court intended to consider diverting the case to the consent calendar. At the hearing, a court probation officer recommended placing the minor on the court's consent calendar. However, the prosecutor objected for substantive reasons and because the victim was not notified that the court might consider diversion. The court determined that diversion was in the best interests of the public and the minor. The court then entered an order diverting the case to the consent calendar. The prosecutor appealed by leave granted.

The Kent County Prosecuting Attorney filed a petition in the Kent Circuit Court, Family Division, alleging that Nikola Ivos, a minor, had committed the offense of second-degree home invasion. MCL 750.110a(3). A family court referee authorized the petition. A pretrial conference was scheduled and, at the conference, the parties entered a plea bargain under which the minor would plead guilty to an added count of third-degree home invasion. MCL 750.110a(4). A family court referee accepted the plea, made the minor a temporary ward of the court, and ordered that a disposi-

tional hearing would be conducted. At the dispositional hearing, the court, G. Patrick Hillary, J., recessed the hearing and conducted a meeting in chambers with the attorneys and the court's probation officer during which the court expressed its inclination to assign the case to the consent calendar. After the recess, the victim stated at the hearing her opposition to transferring the case to the consent calendar. The court adjourned the dispositional hearing and held another hearing in chambers about a month later, during which the court indicated that it was still inclined to assign the case to the consent calendar. The court indicated the same inclination in a letter to counsel sent another month later. The court held another hearing about a month later. During that hearing the court stated that, although the minor had entered an initial plea, there had been no disposition and, therefore, the court was not precluded by statute or court rule from transferring the matter to the consent calendar. The court thereafter entered an order transferring the matter to the consent calendar. The prosecutor appealed by leave granted from that order. The Court of Appeals consolidated the appeals.

The Court of Appeals *held*:

1. The judge in the case involving Lee failed to comply with the notice procedure provided in MCL 780.786b and MCR 3.932(B) before moving the case from the adjudicative process to the consent calendar. The judge failed to provide the prosecutor written notice that the judge might transfer the case. Although the judge erred, it would not be inconsistent with substantial justice in this case to not grant the relief requested by the prosecutor. The order of the trial court in the case involving Lee must be affirmed.

2. The judge in the case involving Ivos was correct in stating that as long as the judge complied with the notice requirements of MCL 780.786b(1), the judge could remove the case from the adjudicative process to the consent calendar at any time before disposition. The judge did comply with the notice procedure of MCL 780.786b(1). The order of the trial court in the case involving Ivos must be affirmed.

Affirmed.

INFANTS — CRIME VICTIM'S RIGHTS ACT — DIVERSION FROM ADJUDICATIVE PROCESS — NOTICE OF INTENT TO DIVERT A JUVENILE CASE.

The Crime Victim's Rights Act and the court rules, in a case where it is alleged that a juvenile has committed an offense listed in the act, require the court to give written notice of its intent to divert the case from the adjudicative process to the court's consent calendar before it takes any formal or informal action to accom-

plish the diversion; the purpose of such notice is to afford the prosecution and the crime victim an opportunity to address the court with regard to any proposed diversion (MCL 780.781[f], 780.786b; MCR 3.932[B]).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *William A. Forsyth*, Prosecuting Attorney, *Timothy K. McMorrow*, Chief Appellate Attorney, and *Kimberly M. Manns*, Assistant Prosecuting Attorney, for the petitioners.

*Sluiter, Agents, Van Gessel, Winther & Carlson* (by *Dennis R. Carlson*) for the respondents.

Before: MARKEY, P.J., and WHITBECK and GLEICHER, JJ.

PER CURIAM. In each of these cases consolidated on appeal, the prosecutor appeals by leave granted the order of the family division of the circuit court (family court) removing from the adjudicative process a juvenile delinquency case in which it was alleged that the minor committed an offense defined in § 31(1)(f) of the Crime Victim's Rights Act (CVRA), MCL 780.781(1)(f). The family court transferred each case to the family court's consent calendar. The prosecutor argues that the family court failed to comply with MCL 780.786b and MCR 3.932(B), which require the court to give written notice of its intent to divert such cases so that both the prosecutor and the crime victims are afforded an opportunity to address the court before it takes any formal or informal action to remove the case from the adjudicative process. With respect to Docket No. 282848, we conclude that the family court erred by failing to comply with MCL 780.786b and MCR 3.932(B). Nevertheless, reversal is not in the interests of the public or the minor and therefore unwarranted under the criteria of MCR 2.613(A). We

therefore affirm the order in Docket No. 282848 and the order in Docket No. 283562.

These cases present issues regarding the interpretation and application of statutes and court rules, which are questions of law we review de novo. *People v Kimble*, 470 Mich 305, 308-309; 684 NW2d 669 (2004). The foremost principle "in construing statutes is 'to discern and give effect to the Legislature's intent.' " *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006), quoting *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999). When the statutory language is unambiguous, "we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written." *Morey, supra* at 330. A provision in a statute is ambiguous only if it irreconcilably conflicts with another provision or it is equally susceptible to more than a single meaning. *People v Gardner*, 482 Mich 41, 50 n 12; 753 NW2d 78 (2008). The rules of statutory construction apply equally to court rules. *In re KH*, 469 Mich 621, 628; 677 NW2d 800 (2004); *People v Hawkins*, 468 Mich 488, 500; 668 NW2d 602 (2003).

In general, the family court has jurisdiction over juveniles within its judicial circuit that have "violated any municipal ordinance or law of the state or of the United States." MCL 712A.2(a)(1). In Docket No. 282848, the prosecutor filed a petition with the court alleging that the juvenile had committed the offense of malicious destruction of personal property valued at $1,000 or more but less than $20,000. MCL 750.377a(1)(b)(*i*). In Docket No. 283562, the prosecutor filed a petition with the court alleging that the juvenile had committed the offense of second-degree home invasion, MCL 750.110a(3). After a preliminary inquiry, the family court could, "in the inter-

est of the juvenile and the public: (1) deny authorization of the petition; (2) refer the matter to a public or private agency providing available services pursuant to the Juvenile Diversion Act, MCL 722.821 *et seq.*; (3) direct that the juvenile and the parent, guardian, or legal custodian be notified to appear for further informal inquiry on the petition; (4) proceed on the consent calendar . . .; or (5) place the matter on the formal calendar . . . ." MCR 3.932(A). Here, however, each petition alleged a "violation of a penal law of this state for which a juvenile offender, if convicted as an adult, may be punished by imprisonment for more than 1 year or an offense expressly designated by law as a felony." MCL 780.781(1)(f)(*i*). Therefore, MCR 3.932(B) applies. It provides: "A case involving the alleged commission of an offense listed in the Crime Victim's Rights Act, MCL 780.781(1)(f), may only be removed from the adjudicative process upon compliance with the procedures set forth in that act. See MCL 780.786b." The court rules do not define "adjudicative process," but, clearly, it is the judicial procedure that could lead to the court's fact-finding determination that the petition's allegations are true. This would constitute an "adjudication," analogous to a criminal conviction, that the court has jurisdiction over the juvenile under MCL 712A.2(a)(1). See MCR 3.903(A)(26); *In re Whittaker*, 239 Mich App 26, 28-30; 607 NW2d 387 (1999); *In re Wilson*, 113 Mich App 113, 121; 317 NW2d 309 (1982).

MCR 3.932(B) provides that diversion of a juvenile case in which it is alleged that the minor committed an offense listed in § 31(1)(f) of the CVRA is governed by MCL 780.786b(1), which provides:

> Except for a dismissal based upon a judicial finding on the record that the petition and the facts supporting it are insufficient to support a claim of jurisdiction under section 2(a)(1) of chapter XIIA of the probate code of 1939, 1939 PA 288, MCL 712A.2, a case involving the alleged commission

of an offense, as defined in section 31, by a juvenile shall not be diverted, placed on the consent calendar, or made subject to any other prepetition or preadjudication procedure that removes the case from the adjudicative process *unless the court gives written notice to the prosecuting attorney of the court's intent to remove the case from the adjudicative process and allows the prosecuting attorney the opportunity to address the court on that issue before the case is removed from the adjudicative process. Before any formal or informal action is taken, the prosecutor shall give the victim notice of the time and place of the hearing on the proposed removal of the case from the adjudicative process. The victim has the right to attend the hearing and to address the court at the hearing.* As part of any other order removing any case from the adjudicative process, the court shall order the juvenile or the juvenile's parents to provide full restitution as provided in section 44. [Emphasis added.]

The plain language of MCL 780.786b(1) contains several procedural steps that the family court must fulfill before deciding to remove from the adjudicative process a juvenile case in which it is alleged that the minor committed a CVRA offense. We note that in each of the present cases, a preliminary inquiry disclosed sufficient evidence to authorize the filing of the prosecutor's petition. MCR 3.932(A)(1); MCL 780.786b(1). We also note that the appeals in these cases pertain solely to the procedural requirements of MCL 780.786b(1) and the court rules. No one argues in these appeals that the family court judges abused their discretion in making the substantive decisions to divert these cases to the consent calendar. See MCL 722.824.

Clearly and unambiguously, MCL 780.786b(1) requires that before the family court formally or informally acts to remove from the adjudicative process a juvenile case involving a CVRA offense, the court must give the prosecuting attorney written notice of the

court's intent to do so. Second, the court's notice to the prosecutor must specify the time and place at which the court will conduct a hearing on its proposed intent to remove the case from the adjudicative process. Third, the court's written notice to the prosecutor must be furnished sufficiently in advance so that the prosecutor can fulfill its responsibilities to both notify the victim or victims of the time and place of the court's hearing on the proposed removal of the case from the adjudicative process and also afford the victim or victims an opportunity to consult with the prosecuting attorney regarding the disposition of the case. See MCL 780.786b(2). Finally, at the removal hearing, the court must afford both the prosecuting attorney and the victim of the alleged offense the opportunity to address the court regarding the court's intent to remove the case from the adjudicative process. We now review the record in the cases at bar in light of the plain requirements of MCL 780.786b(1) and the pertinent court rules.

### A. DOCKET NO. 282848

In Docket No. 282848, the prosecutor filed its petition on June 22, 2007. Although not contained in the court file, or reflected in the court's docket entries, the parties agree that a court intake probation officer provided the parties some form of notice that the court would consider diverting the case to the consent calendar. On August 3, 2007, the prosecutor filed an objection to the court's diverting the case from the adjudicative process. Thereafter, on August 22, 2007, a family court referee authorized the filing of the petition and completed forms necessary to appoint counsel to represent the minor. On September 12, 2007, the court scheduled

the case for a pretrial conference on October 8, 2007. No transcript of the pretrial conference has been provided to this Court, but the docket entries of the family court reflect that a pretrial conference was held on the date scheduled. A "notice of intent to plea" was filed with the court indicating that the minor, pursuant to a plea bargain, intended to plead guilty to a lesser offense of malicious destruction of personal property valued at $200 or more but less than $1,000. MCL 750.377a(1)(c)(*i*).[1] About November 1, 2007, the family court provided the interested parties notice that a "delinquency adjudication/disposition hearing" would be held on November 15, 2007. The notice gave no indication that the court intended to consider diverting the case to the consent calendar.

At the November 15, 2007, hearing, a family court probation officer recommended that the minor be placed on the court's consent calendar. The prosecutor objected for substantive reasons and because the victim lacked notice that the court might consider diversion, stating:

> . . . I know the victim did have notice that [there] was an adjudication disposition today your Honor, but after speaking with them [the victim and her daughters] after the pretrial we thought this would be an adjudication and I did phone them yesterday and so did [the prosecutor's victim/witness coordinator] and we were unable to contact the victim to see if they would want to come and address the court. They did fill out a victim impact statement. [S]o I think notice to the victim, even though they thought this was a[n] adjudication, they didn't know the change in the case other than my voice mail yesterday letting them know that the probation officer was recommend[ing] consent

---

[1] This offense does not fall within the definition of MCL 780.781(1)(f) because it is punishable if committed by an adult by not more than one year in jail and is expressly designated a misdemeanor, not a felony.

calendar; and I have a feeling based on my discussions with the victims that they would wan[t] to be here to address the Court to make an argument and show their concerns of why consent calendar would not be appropriate.

Although recognizing that the notice of hearing did not include the possibility of diverting the case to the consent calendar, the court determined that diversion was in the best interests of the public and the juvenile. Regarding notice to the victim, the court ruled:

As far as the victim is concerned there is an adjudication/disposition notice which was sent to the victims. The victims themselves are not here with us and while this isn't an adjudication or a disposition in the sense that the notice was sent out for, they're not here to tell me what they [want to] do and the prosecutor's [got to] guess from things which had occurred in the past as to what their attitude about this would be. That's why we have these hearings so that everybody has a chance . . . to say what they need to say. They can do it to the Court so that we can find out and they're not here. It's now 25 to 12 for an 11 o'clock hearing and they're not here.

The court effectuated its bench ruling by order entered December 19, 2007, that provided the case would be diverted from the adjudicative process and placed on the consent calendar.

We hold that the family court failed to comply with the requirements of MCL 780.786b(1) by not providing the prosecutor with written notice of the court's intent to remove the case from the adjudicative process and notice of the time and place of a hearing on the proposed removal. Although the court furnished the prosecutor notice of an adjudicative-dispositional hearing, nothing in that written notice apprised the prosecutor that the court might remove the case from the adjudicative process by transferring the case to the court's consent

calendar. The notice the family court gave in this case was insufficient to satisfy the requirements of MCL 780.786b(1).

Although we conclude that the family court erred, reversal is not necessarily warranted. Although analogous, juvenile delinquency proceedings are not adult criminal proceedings. *In re Wilson, supra* at 121. "[J]uvenile justice procedures are governed by the applicable statutes and court rules, with an emphasis on rehabilitation rather than retribution." *In re Whittaker, supra* at 28-29. The court rules provide that harmless error analysis applies to juvenile delinquency proceedings. Subchapter 3.900 of the court rules generally "govern practice and procedure in the family division of the circuit court in all cases filed under the Juvenile Code." MCR 3.901(A)(1). "Other Michigan Court Rules apply to juvenile cases in the family division of the circuit court only when this subchapter specifically provides." MCR 3.901(A)(2). But, MCR 3.902(A) specifically incorporates the harmless error standard of the civil procedure court rules by providing, in part, that "[l]imitations on corrections of error are governed by MCR 2.613." MCR 2.613(A), provides, in pertinent part that "an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice."

Here, we conclude that not granting relief for error in complying with MCL 780.786b(1) is not "inconsistent with substantial justice." First, as the family court observed, and the prosecutor concedes, the victim in this case had actual notice that an adjudicative disposi-

tional hearing would be held but failed to appear. Second, the prosecutor was present to express his opposition to the case's transfer to the consent calendar. Also, the prosecutor had consulted the victim about diversion; the victim had completed a victim's impact statement, and the prosecutor was able to represent the victim's views in opposition to transferring the case to the consent calendar. In addition, the pretrial conference resulted in the prosecutor's agreeing to allow a plea to a lesser offense that is classified as a misdemeanor if committed by an adult, and, therefore, not within the definition of a CVRA offense under MCL 780.781(1)(f). Finally, the passage of time favors our finding that reversing the family court's order would be inconsistent with substantial justice. One of two outcomes is likely to have already occurred: the juvenile has either successfully completed a consent calendar case plan, MCR 3.932(C)(7), or the juvenile has been unsuccessful in that regard with the juvenile's own actions likely to have ended the special status conferred by assignment to the consent calendar, MCR 3.932(C)(8). We conclude after applying the criteria of MCR 2.613(A) to the facts and circumstances of this case that no relief is warranted. We affirm the order in Docket No. 282848.

## B. DOCKET NO. 283562

In Docket No. 283562, the prosecutor filed its petition on April 25, 2007, alleging that the juvenile had committed the offense of second-degree home invasion, MCL 750.110a(3). A family court referee authorized the petition on May 21, 2007. The family court appointed counsel for the minor and scheduled the case for a pretrial conference on July 9, 2007. At the pretrial conference, the parties entered a plea bargain under

which the minor would plead guilty to an added count of third-degree home invasion, MCL 750.110a(4). In accordance with the plea agreement, the prosecutor amended its petition to add an allegation of third-degree home invasion. After receiving his advice of rights, the minor admitted the allegations of the newly added charge. The family court referee who presided at the pretrial conference accepted the minor's plea, made him a temporary ward of the court, and ordered that a dispositional hearing be held on September 7, 2007.

The parties, including the victim, appeared at the September 7, 2007, dispositional hearing. The family court's probation officer stated her recommendation for disposition. Further, the victim addressed the court regarding the effect the offense has had on her but noted that the minor was the only one of four offenders who had written her a sincere letter of apology. After the victim spoke, the family court recessed the proceedings for 12 minutes, apparently meeting in chambers with the attorneys and the court's probation officer, who left to attend another hearing before the proceedings reconvened. After the recess, the family court recognized the prosecutor who had talked to the victim about the minor's being assigned to the court's consent calendar. Although the victim acknowledged that the minor had accepted responsibility for his actions, she opposed transferring the case to the consent calendar because of the nature of the offense.

After receiving defense counsel's recommendations, the family court explained why it was inclined to assign the case to the consent calendar. The court noted that it had recessed the proceedings to consider assigning the case to the consent calendar, because after disposition it lost the opportunity to do so, citing MCR 3.932(C), which provides: "The court may transfer a case from

the formal calendar to the consent calendar at any time before disposition." The court observed that the court rule clearly provided that the court could transfer a juvenile case to the consent calendar "any time before disposition" but not after. The court continued:

> Now, to do that, there [has] to be notice under the Crime Victim's Rights Act, and the other things would need to happen. So I think, even if I wanted to today . . . I couldn't.
>
> Where the confusion comes . . . in the court rule is under [MCR 3.932(C)(2)]. It said: "Plea; adjudication. No formal plea may be entered in a consent calendar case, and the court must not enter an adjudication."
>
> So it's saying you can't do a formal plea in a consent calendar case. However, the first part of [MCR 3.932(C)] says: "The court may transfer a case from the formal calendar to [the] consent calendar any time before disposition."

The family court adjourned the dispositional hearing, noting the seriousness of the charge, its effect on the victim, and the court's obligation to protect the public while advancing the best interest of the juvenile.

The family court provided the parties notice of a hearing scheduled for November 2, 2007. The court's docket entries note a hearing was held that day, but there is no record of the proceedings. Apparently, the parties met in chambers. The family court indicated that it was still inclined to assign the case the to the consent calendar. Indeed, that is what the family court judge stated in a December 5, 2007, letter to counsel. In the letter, the court stated that during the conference in chambers the court continued to believe that the case was appropriate for the consent calendar, but the prosecutor who attended the conference objected to consent calendaring it because the minor had already pleaded guilty. The court observed that because nothing was

placed on the record, "it is appropriate for us to appear in court, on the record, so that all concerns and objections can be codified." The family court provided the parties notice of a hearing scheduled for January 4, 2008, and subsequently provided notice that the hearing was rescheduled for January 18, 2008.

At the January hearing, the prosecutor advanced several objections to transferring the case to the consent calendar. The prosecutor argued that the minor had not advanced a valid reason to withdraw his guilty plea, that there was an apparent conflict between MCR 3.932(C) and (C)(2)—with the latter rule precluding transferring the case to the consent calendar—and the court had not complied with MCL 780.786b.

The family court found no conflict in the court rules. Specifically, the court concluded that the court rules allowed the family court to place a juvenile case on the consent calendar after an initial plea but before disposition. The court relied on MCR 3.932(C) and MCR 3.932(D), which also provides, "At any time before disposition, the court may transfer the matter to the consent calendar." The family court reasoned that once it removed a case from the adjudicative process to the consent calendar, the court rules precluded both a plea, MCR 3.932(C)(2),[2] and an order of disposition, MCR 3.932(C)(6).[3] In essence, the court reasoned that until actually transferred to the consent calendar, a juvenile case is not a "consent calendar case" within the meaning of the court rules. With respect to complying with the CVRA, the court opined that scheduling a consent calendar conference and hearing would satisfy the no-

---

[2] MCR 3.932(C)(2) provides that "[n]o formal plea may be entered in a consent calendar case, and the court must not enter an adjudication."

[3] MCR 3.932(C)(6) provides that "[n]o order of disposition may be entered by the court in a case placed on the consent calendar."

tice requirements of the act. The court concluded that the case was appropriately placed on the consent calendar even though a plea had previously been entered.

On appeal, the prosecutor does not argue that because the minor had tendered a plea, MCR 3.932(C)(2) precluded the family court from removing the case to the consent calendar. We simply note our agreement with the family court's analysis of the court rules. Provided that the court has complied with the notice requirements of MCL 780.786b(1) with respect to juvenile cases alleging the minor committed a CVRA offense, the family court may remove a juvenile case from the adjudicative process to the consent calendar "at any time before disposition." MCR 3.932(C) and (D).

We disagree with the trial court's apparent conclusion that it can comply with MCL 780.786b(1) by scheduling a hearing after it has rendered its ruling to transfer a CVRA case to the consent calendar. Rather, the plain language of MCL 780.786b(1) requires notice to the prosecutor and the victim of the alleged offense of the time and place of a hearing "before the case is removed from the adjudicative process." *Id.* Still, we disagree with the prosecutor that the family court did not comply with the statute.

The victim was present at the first dispositional hearing in this matter. She expressed her views to the court, and the court informed counsel in chambers of its belief that the case was appropriate for the consent calendar. The court asked the prosecutor to confer with the victim regarding assigning the case to the consent calendar. The record reflects the prosecutor did so and stated both the prosecution's and the victim's objections to transferring the case to the consent calendar. So, it is clear that from the date of that first hearing on September 7, 2007, both the prosecutor and the victim

had actual notice of the court's intent to remove the case from the adjudicative process. The family court's intent remained the same through a conference in chambers with counsel on November 2, 2007. The prosecutor correctly notes the court's notice was oral, and not in writing as required by MCL 780.786b(1).

The family court, however, cured the defect of lack of "written notice to the prosecuting attorney of the court's intent to remove the case from the adjudicative process" by its letter of December 5, 2007, informing the prosecutor and defense counsel that the court believed the case was an appropriate one for the consent calendar, and that "it is appropriate for us to appear in court, on the record, so that all concerns and objections can be codified." Although the court's notice of the time and place scheduled for the hearing did not specifically state that the purpose was to consider removing the case from the adjudicative process, the court's December letter and the prior proceedings constituted substantial compliance with MCL 780.786b(1) and MCR 3.932(B). Because the prosecutor does not assert that the family court otherwise abused its discretion, we affirm.

### C. CONCLUSION.

In Docket No. 282848, we conclude that the family court erred by failing to comply with MCL 780.786b and MCR 3.932(B) before it removed a juvenile case in which it was alleged that the minor committed an offense defined in § 31(1)(f) of the Crime Victim's Rights Act, MCL 780.781(1)(f). Nevertheless, we conclude that reversal is unwarranted because it would not be in the interests of the public or the minor. MCR 2.613(A); MCR 3.902(A) and (B). Accordingly, we affirm the order in Docket No. 282848.

We affirm the order in Docket No. 283562.