*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM SCOTT KINCAID, ERAINA POOLE, GEORGE POOLE, and MARY B. BELL,

UNPUBLISHED
March 28, 2024

        Plaintiffs-Appellants,

v

No. 365646
Genesee Circuit Court
LC No. 12-098490-CZ

CITY OF FLINT,

        Defendant-Appellee.

---

LARRY SHEARS and MARGARET FRALICK,

        Plaintiffs-Appellants,

v

No. 365657
Genesee Circuit Court
LC No. 2014-103476-CZ

DOUGLAS BINGAMAN, CITY OF FLINT TREASURER, DARNELL EARLEY, CITY OF FLINT EMERGENCY MANAGER, and CITY OF FLINT,

        Defendants-Appellees.

---

Before: LETICA, P.J., and CAVANAGH and SWARTZLE, JJ.

PER CURIAM.

Claims for unjust enrichment require a showing that the recipient both improperly received a benefit and that the benefit was excessive. This remains true in the context of claims regarding municipality rate increases. In this case, plaintiffs have not made any showing, or even alleged, that the City was enriched by the collection of sewage-and-water rates that were improperly enacted or implemented. Consequently, we affirm.

## I. BACKGROUND

-1-

William Kincaid, Eraina Poole, George Poole, and Mary Bell (Kincaid plaintiffs) first sued the City on the underlying facts that were explained in this Court's prior decision in *Kincaid v City of Flint*, 311 Mich App 76, 82-83; 874 NW2d 193 (2015) (*Kincaid II*).

> On August 15, 2011, defendant's finance director, Michael Townsend, sent to the city council and mayor a notice of a proposed 35% water and sewer rate increase to be effective September 6, 2011. The increase was proposed to meet a projected fiscal year deficit in the sewer fund of $14,789,666 as well as a water fund deficit of $8,078,917. The city council adopted the proposal and the mayor signed it.

> * * *

> After the emergency order by [Emergency Manager Michael] Brown, plaintiffs in this suit filed a complaint seeking this Court's original jurisdiction pursuant to Const. 1963, art. 9, §§ 31 and 32. The claim of error was that defendant violated the Headlee Amendment. This Court dismissed plaintiffs' claims without a hearing, finding that the rate increases from September 2011 and those set to take place in July 2012 were "revisions of existing user fees that do not implicate the Headlee Amendment." *Kincaid v Flint*, unpublished order of the Court of Appeals, entered June 29, 2012 (Docket No. 310221) [(*Kincaid I*)]. Plaintiffs' claims not relating to the Headlee Amendment were dismissed for lack of original jurisdiction. *Id.*

> After the case before this Court was dismissed, plaintiff filed the instant action. The essence of this case is a claim that the rate increases in September 2011 were made contrary to defendant's Ordinances § 46-52.1 and § 46-57.1, and a claim that defendant had illegally pooled the [money] collected for the water and sewer funds and used [it] to pay general obligations not related to sewer or water expenses. Plaintiffs requested that the trial court certify a class action suit against defendant by all sewer and water customers of defendant, declare that the rate increases were an illegal tax under the Headlee Amendment, and order the commingling of funds to cease. Additionally, plaintiffs asked for monetary relief in the form of a refund of the illegally collected rates and for damages caused to defendant's residents who were left without water and sewer service.

This Court went on to hold that the 35% rate increase violated Flint's Ordinance 46-52.1 because the increased rate

> was not published and noticed at least 30 days prior to its implementation, and because it went into effect almost immediately after it was noticed, instead of being implemented over twelve months beginning on July 1 of the next fiscal year. The sewer rate increases were invalid for the same reasons under Ordinance 46-57.1. The sewer rates were not published and noticed 30 days before their implementation and were implemented soon after the former finance director's recommendation instead of on July 1 of the next fiscal year. [*Id.*]

This Court remanded that matter to the trial court with instruction "to consider the additional claims in plaintiffs' proposed amended complaint and articulate its reasons for granting or denying the motion." *Id*. at 95.

At the same time, Larry Shears and Margaret Fralick (Shears plaintiffs) also sued the City on the same facts and claims as the Kincaid plaintiffs. This Court held in the Shears plaintiffs appeal:

> The claims at issue in this case, with the exception of the newly raised concept of unjust enrichment, are, in essence, the same, and there is nothing in the record in this case or in *Kincaid* to suggest that a different outcome would be appropriate here. Therefore, summary disposition in defendants' favor with respect to all claims is ultimately appropriate. The only reason a remand was deemed necessary in *Kincaid* was to allow the plaintiffs an opportunity to amend their complaint; however, in this case, unlike in *Kincaid*, a motion to amend the complaint has not been filed. *Id*. at 94-95. Consequently, there is no denial of such a decision for this Court to evaluate. [*Shears v Bingaman*, unpublished per curiam opinion of the Court of Appeals, issued August 24, 2017 (Docket No. 329776), p 8.]

After this Court's decision in *Shears*, the trial court granted the Kincaid plaintiffs leave to file their first amended complaint, which continued to allege that the sewage-and-water rate increases were contrary to the aforementioned Ordinances and that the money that was collected was illegally combined with the City's general fund. *Kincaid v City of Flint*, unpublished order of the Court of Appeals, entered June 26, 2018 (Docket Nos. 337972 and 337976) (*Kincaid III*). Specifically, the Kincaid plaintiffs alleged breach of contract claims under counts I and III of their amended complaint and unjust enrichment claims under counts II and IV. In count V, they sought and equitable remedy for an illegal commingling to the City's general fund and declaratory relief under count VI for any liens that the City placed on properties that did not pay the rates. *Kincaid v City of Flint*, unpublished per curiam opinion of the Court of Appeals, entered April 16, 2020 (Docket Nos. 337972 and 337976), p 4 (*Kincaid V*). In response, the City moved for summary disposition under the doctrines of laches, governmental immunity, res judicata, collateral estoppel, and law of the case. The trial court denied the City's motion and defendants appealed. This Court held that plaintiffs' claims were barred by res judicata and, therefore, reversed the trial court's denial of summary disposition. *Kincaid III*, unpub op at 3-4.

Both the Kincaid plaintiffs and the Shears plaintiffs separately appealed in our Supreme Court, and both cases were held in abeyance for *Genesee Co Drain Comm'r Jeffrey Wright v Genesee Co*, 504 Mich 410; 934 NW2d 805 (2019). After deciding *Wright*, our Supreme Court remanded the Shears plaintiffs to the trial court for "consideration . . . of any motion plaintiffs may file seeking leave to amend the complaint to add their claims of unjust enrichment." *Shears v Bingaman*, 505 Mich 882; 935 NW2d 723 (2019).

Our Supreme Court remanded the Kincaid plaintiffs to this Court for "consideration of plaintiffs' unjust enrichment claims . . . and, if necessary, the issues raised by the defendant but not addressed." *Kincaid v City of Flint*, 505 Mich 882; 935 NW2d 723 (2019) (*Kincaid IV*). This Court held that the City was entitled to summary disposition under MCR 2.116(C)(8) for the Kincaid plaintiffs' claims of breach of contract because neither Ordinance 46-52.1 nor 46-57.1

bound the City to a contractual pricing structure and, thus, the Kincaid plaintiffs did not have a breach of contract claim upon which relief could be granted. *Kincaid V*, unpub op at 6-8.

Regarding the Kincaid plaintiffs' claims for unjust enrichment, this Court held that, "[g]iven that the rate increase was in violation of the statute for the reasons stated in *Kincaid II*, Count IV properly sets forth a claim for unjust enrichment premised on an unlawful exaction. Moreover, as our Supreme Court made clear in *Wright*, a claim for unjust enrichment is not barred by the GTLA." *Kincaid V*, unpub op at 8-9 (citations omitted). Further, this Court held that Count II alleged a mere violation of a statute for which there was no private cause of action, and, thus, the trial court erred by not dismissing this claim. *Id*.

Regarding Count V, this Court held that *Kincaid II* had already held that there was no merit to the claim that the City illegally commingled funds. *Id*. at 10. Consequently, this Court held that this claim was barred by the law-of-the-case doctrine. *Id*.

Lastly, this Court held that the Kincaid plaintiffs' claim for declaratory relief, Count VI, was not barred by governmental immunity, and, thus, the trial court did not err in declining to grant summary disposition for the City on this claim. This Court then remanded the matter to the trial court for consideration of Counts IV and VI. *Id*. at 11.

Once both cases were before the trial court, plaintiffs collectively filed a consolidated amended complaint alleging that the City had been unjustly enriched by the increased rates, and they asked the trial court for declaratory relief to enjoin the City from placing liens on the properties at which the rates were not paid. Pertinent to those claims, plaintiffs alleged that defendants violated the aforementioned ordinances because the City implemented the rates improperly by assessing the increases at the wrong time of the year.

Defendants filed a motion for summary disposition under MCR 2.116(C)(10), and they argued that they did not violate the notice-and-publication requirements of the ordinances because subsequent discovery during the remand revealed that the City provided the public with 30 days' notice of each rate increase by publishing the notices in the *Flint Journal*. Defendants also argued that plaintiffs could not sustain their claim for unjust enrichment because there was no showing that the sewage-and-water rate increases were excessive or unreasonable in comparison to the services that were provided.

The trial court found that the publication of the notices was a new, material fact that precluded the law-of-the-case doctrine from establishing that the City had improperly increased the sewage-and-water rates for lack of notice. Nevertheless, the other material facts remained the same following *Kincaid II*, and, thus, the trial court held that, when considering plaintiffs' claim for unjust enrichment, plaintiffs had not established, or even alleged, that the rate increases were unreasonable. Specifically, plaintiffs had not alleged that the City's ratemaking methodology was improper, and plaintiffs' argument that the City should have waited until July 1 to implement the rate increase was not enough to establish a claim of unjust enrichment. Further, the trial court held that plaintiffs' claim for unjust enrichment premised on unlawful exactions was a distinction without a difference under *Youmans v Charter Twp of Bloomfield*, 336 Mich App 161; 969 NW2d 570 (2021). Thus, the trial court dismissed plaintiffs' claim for unjust enrichment, held that

-4-

plaintiffs could not succeed on a claim for declaratory relief for the same reason, and granted defendants summary disposition.

Plaintiffs appealed separately, and this Court consolidated their appeals. *Kincaid v City of Flint*, unpublished order of the Court of Appeals, entered April 19, 2023 (Docket Nos. 365546 & 365657).

## II. ANALYSIS

### A. LAW-OF-THE-CASE DOCTRINE

Plaintiffs first argue that the trial court erred by ruling that the law-of-the-case doctrine did not compel it to follow this Court's prior decision in *Kincaid II*. "Whether the law-of-the-case doctrine was properly invoked and to what extent it applies to a case are questions of law that we [] review de novo." *Rott v Rott*, 508 Mich 274, 286; 972 NW2d 789 (2021). Our Supreme Court explained that the law-of-the-case doctrine does not apply "if the court is convinced that its prior decision was clearly erroneous and would work a manifest injustice." *Id*. at 288.

In this case, as observed by the trial court, subsequent discovery revealed that the City published the notices in the *Flint Journal* and, thus, those notices established that the City had indeed complied with the notice-and-publication requirements of the ordinances. The discovery of these notices materially changed the facts considered in *Kincaid II*, and, thus, this Court is convinced that its prior decision was clearly erroneous regarding the notice provision, and relying on the mistaken fact would work a manifest injustice. Consequently, the trial court did not err by declining to follow this Court's decision in *Kincaid II* under the law-of-the-case doctrine.

### B. UNJUST ENRICHMENT

Plaintiffs next argue that the trial court erred by granting defendants summary disposition for the claims of unjust enrichment. "We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citations omitted). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

"Unjust enrichment is a cause of action to correct a defendant's unjust retention of a benefit owed to another." *Wright*, 504 Mich at 417. To sustain a claim for unjust enrichment, "a plaintiff must establish (1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant." *Morris Pumps v Centerline Piping, Inc*, 273 Mich App 187, 195; 729 NW2d 898 (2006).

"In contemporary municipal utility ratemaking cases . . . unjust enrichment is encapsulated within the rebuttable presumption that a municipality's utility rates are reasonable." *Youmans*, 336 Mich App at 214 (cleaned up). Even though "the determination of reasonableness is generally

considered by courts to be a question of fact," *City of Novi v City of Detroit*, 433 Mich 414, 431; 446 NW2d 118 (1989), as this Court has explained, a plaintiff must first rebut the presumption that the rate was reasonable by both (1) presenting clear evidence of illegal or improper expenses included in a municipal utility's rates and (2) demonstrating that the rates, viewed as a whole, are unreasonable, *Youmans*, 336 Mich App at 217-218.

In this case, plaintiffs argue that the rate increases were illegal or improper because the City failed to follow the Ordinances regarding the notice and timing of the rate increases, and, additionally, the City improperly comingled the funds collected from the utilities with the City's general fund. As explained above, however, the City demonstrated that it had published the notice of the rate increase in the *Flint Journal*. With that said, even though this Court has previously held that there was no merit to plaintiffs' claim that the City illegally commingled the funds that it collected with the City's general fund, *Kincaid V*, unpub op at 10, plaintiffs make a colorable argument in this appeal that this comingling was illegal or otherwise improper.

In any event, this Court does not need to revisit whether the City improperly commingled the funds because this Court has also already held that the City did not implement the rate increases over the proper 12-month period. *Kincaid II*, 311 Mich App at 83. Thus, there is clear evidence that the rate was increased through an improper procedure.

Yet, even though it appears that the City did not follow the proper steps when raising the rates, plaintiffs have failed to show that the City was unjustly enriched as a result. Whether the City was enriched depends on whether the sewage-and-water rates were somehow *excessive*. See *Wright*, 504 Mich at 419. It is plaintiffs' burden to show that the rates did not accurately reflect the actual cost of service. *City of Novi*, 433 Mich at 425-433. Plaintiffs did not allege that the rates were excessive or inaccurate for the services rendered, beyond simply alleging that the City improperly or illegally enacted the rates or commingled the funds. Yet, even though the City did not follow the proper procedures for raising the rates, and may have commingled the funds, this does not mean that the increased revenues were not used to cover the actual costs of services rendered. The trial court found that plaintiffs failed to rebut the presumption of reasonableness by not addressing whether the rates were excessive, and, on this record, there is no basis to disturb the trial court's finding. Thus, the trial court did not err in granting defendants summary disposition on this claim.

## C. DECLARATORY RELIEF AND UNLAWFUL EXACTION

Plaintiffs further argue that the trial court erred by dismissing their claim for declaratory relief. Whether the trial court erred by dismissing plaintiffs' claim for declaratory relief generally presents a question of law. This Court reviews questions of law de novo. *In re Application of Int'l Transmission Co*, 304 Mich App 561, 569; 847 NW2d 684 (2014).

As explained above, the trial court did not err in finding that plaintiffs had not demonstrated that the rates were unreasonable. Thus, plaintiffs have not shown that any liens placed on the properties of customers who did not pay their sewage-and-water utility charges are likewise invalid. Accordingly, plaintiffs have not demonstrated a basis for enjoining the city from foreclosing on any sewage-and-water liens. Therefore, the trial court did not err by dismissing plaintiffs' claim for declaratory relief.

Finally, plaintiffs argue that the trial court erred when it held that their claim for unjust enrichment premised upon unlawful exactions was a distinction without a difference because, as plaintiffs argue, a claim for unlawful exaction is a claim that the money was taken by the City without the legal authority to do so. Simply put, plaintiffs argue that a claim for unlawful exaction only requires a showing that the money was collected improperly or without authority.

Plaintiffs ignore, however, that unlawful exactions were historically subsumed by a claim for "assumpsit." *Youmans*, 336 Mich App at 213. "[A]ssumpsit was a proper vehicle for recovering unlawful fees, charges, or *exactions*—including unlawful utility charges—that the plaintiff had paid to a municipality under compulsion of local law." *Id*. (cleaned up, emphasis in original). Assumpsit, as a claim, was abolished and "the substantive remedies traditionally available under assumpsit were preserved . . . under quasi-contractual principles, which represent a subset of the law of unjust enrichment." *Id*. (cleaned up). Importantly, claims for assumpsit, and other related claims, "will not lie against one who has not been personally *enriched* by the transaction because the fundamental basis of the action is not only the loss occasioned to the plaintiff on account of the payment of the money, but the consequent enrichment of the defendant." *Id*. (cleaned up, emphasis in original). Thus, as this Court has explained, claims premised on an unlawful exaction require a showing that the defendant was enriched, and the trial court did not err in holding that plaintiffs' claim for unjust enrichment premised upon unlawful exaction was a distinction without a difference.

## III. CONCLUSION

This Court's previous holding, that the City failed to provide proper notice for the rate increases, is not controlling in this case because new evidence demonstrated that the City provided adequate notice. Nevertheless, this Court's other holdings regarding this case remain binding, and this includes that the City improperly implemented the rate increase. Plaintiffs have failed to show, however, that the City was enriched by the increased rates, and, thus, any liens regarding nonpayment of those rates are proper.

Affirmed.

/s/ Anica Letica
/s/ Mark J. Cavanagh
/s/ Brock A. Swartzle

-7-